[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
A motion to dismiss has been filed by the defendant city. It claims that the issue raised by the plaintiff's statutory appeal to Superior Court from the defendant zoning commission's denial of a special permit is barred by the doctrine of res judicata. It urges that the principal issue as to what was a permitted accessory use had already been decided by the court, Curran, J., in an appeal to Superior Court taken by the same plaintiffs several years earlier when the zoning commission denied a similar request on a smaller piece of property. The court does not reach the merits of the claim because such a motion is inappropriate.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court. . . . The grounds CT Page 8763 which may be asserted in [the motion to dismiss] are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process. . . . Res judicata is not included among the permissible grounds on which to base a motion to dismiss. Res judicata . . . does not itself raise a jurisdictional question. It merely alleges that the court has previously decided a jurisdictional question and therefore must be asserted as a special defense. . . . It may not be raised by a motion to dismiss." (Citations omitted.) Zizka v. WaterPollution Control Authority, 195 Conn. 682, 686, 490 A.2d 509
(1985).
The motion to dismiss is denied.
Flynn, J.